UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE BUCHANAN,

    Petitioner,                                             Case No. 22-cv-13035

                                                          HON. MARK A. GOLDSMITH

v.

JONATHAN HEMINGWAY,

    Respondent.

_____/

**OPINION & ORDER**
**(1) SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND (2) GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Jesse Buchanan is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) decision to deny him good time credits on his current sentence under the First Step Act (Dkt. 1). Respondent filed a motion to dismiss the petition, citing Petitioner's failure to fully exhaust his administrative remedies (Dkt. 5). Petitioner filed a reply and an emergency request to summarily grant the petition (Dkt. 6).

For the reasons that follow, the Court summarily dismisses without prejudice the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

**I. BACKGROUND**

Petitioner is serving a 262-month sentence for four counts of distributing cocaine. Petitioner was also sentenced for violating his supervised release in two previous cases. The 24-month and 30-month sentences were ordered to run concurrent to each other and consecutive to

his sentence on the drug charges, and they were aggregated as part of Petitioner's current commitment to BOP. Petitioner's projected release date is May 15, 2024.

Petitioner challenges his ineligibility to receive earned time credits under the First Step Act. He admits that he did not complete the BOP's administrative remedy process before filing his petition. Pet. at PageID.3. Petitioner attempted to appeal to the General Counsel for the BOP on January 24, 2023, after filing his petition, but still has not exhausted his administrative remedies, as the General Counsel has yet to render a decision. Dec. ¶ 9 (Dkt. 5-2).

## II. DISCUSSION

Petitioner failed to exhaust his administrative remedies prior to filing his petition. Therefore, the Court dismisses without prejudice the petition.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. See Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013); Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 231 (6th Cir. 2006); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. See, e.g., Luedtke, 704 F.3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. See Mazzanti v. Bogan, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994) (citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Although Petitioner began the administrative review process, he did not file an appeal with the Office of General Counsel when he filed his petition, nor has the General Counsel ruled on his appeal. His claim remains unexhausted. See United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002).

There is a futility exception to the exhaustion requirement. See Fazzini, 473 F.3d at 236 (citing Aron v. LaManna, 4 F. App'x 232, 233 (6th Cir. 2001)). Petitioner claims in his petition that he was told by prison officials that their decision to deny him sentencing credits was final and that he need not appeal further but could file an action with the court. Pet. at PageID.3. Petitioner, however, attached to his reply brief the BOP's response to his regional appeal. The response specifically advises Petitioner that he could appeal the decision to the Office of General Counsel within 30 days of the decision, and the response even gave him the mailing address for the office. Reply at PageID.62. Petitioner was made aware by the BOP that he could appeal to the Office of General Counsel. Petitioner failed to show that it would be futile to exhaust his claim.

Because Petitioner failed to exhaust his available administrative remedies, the Court dismisses without prejudice his petition. See Gates-Bey v. U.S. Parole Comm'n, 9 F. App'x 308, 310 (6th Cir. 2001).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses without prejudice the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Petitioner need not apply for one with this Court or with the United States Court of Appeals for the Sixth Circuit before filing an appeal from the denial of his habeas petition. See Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004).

The Court grants Petitioner leave to appeal in forma pauperis because any appeal would be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

SO ORDERED.

Dated: April 13, 2023  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
                                           United States District Judge