UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE BUCHANAN,

    Petitioner,                             Civil Action No. 22-cv-13035

v.                                       HON. MARK A. GOLDSMITH

JONATHAN HEMINGWAY,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE MOTION RELATIVE TO THE ORIGINAL 28 U.S.C. § 2241 PETITION IN CASE No. 22-13035 AND THE ISSUES EMBODIED THEREIN AND/OR MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e) (Dkt. 9)</u>**

Petitioner Jesse Buchanan filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the decision of the Bureau of Prisons to deny him good time credits on his current sentence under the First Step Act. Respondent filed a motion to dismiss the petition, citing Petitioner's failure to fully exhaust his administrative remedies. Petitioner filed a reply and an emergency request to summarily grant the petition. This Court summarily dismissed the petition without prejudice because Petitioner had failed to completely exhaust his administrative remedies prior to filing his habeas petition. <u>Buchanan v. Hemingway</u>, No. 22-cv-13035, 2023 WL 3442236 (E.D. Mich. Apr. 13, 2023).

Petitioner has now filed the current motion, in which he basically asks this Court to reconsider its decision to summarily dismiss the petition. For the reasons that follow, the motion is denied.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b).  See Lunn v. City of Detroit, No. 19-13578, 2022 WL 1515533, at *1 (E.D. Mich. May 13, 2022) (citing E.D. Mich. LR 7.1(h)(1)).

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court.  Davis by Davis v. Jellico Cmty. Hosp., Inc., 912 F.2d 129, 132 (6th Cir. 1990).  A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice.  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); see also Gritton v. Disponett, 332 F. App'x 232, 238 (6th Cir. 2009).  "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Brumley v. United Parcel Serv., Inc., 909 F.3d 834, 841 (6th Cir. 2018) (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008)).  Moreover, it is "well established" that Rule 59(e) relief is not warranted "when a motion is premised on evidence that the party had in his control prior to the original entry of judgment."  Zucker v. City of Farmington Hills, 643 F. App'x 555, 567 (6th Cir. 2016) (punctuation modified).  Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal.  See Johnson v. Henderson, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

In his habeas application, Petitioner challenged his ineligibility to receive earned time credits under the First Step Act.  Petitioner conceded that he did not complete the

Bureau of Prisons's administrative remedy process before filing his petition. (Pet. at PageID.3). Petitioner attempted to appeal to the General Counsel for the BOP on January 24, 2023, after filing his petition. At the time that the United States Attorney filed its response, the General Counsel had yet to render a decision. Dec. ¶ 9 (Dkt. 5-2). As mentioned above, this Court dismissed the petition because Petitioner had not filed an appeal with the Office of General Counsel when he filed his petition, nor had the General Counsel ruled on his appeal, thus, his claim was unexhausted. Buchanan, 2023 WL 3442236, at *1.

Petitioner in his motion now indicates that the Office of General Counsel denied his administrative appeal on March 9, 2023, prior to this Court summarily dismissing the petition. Petitioner argues that his claim has now been exhausted and his case should be reconsidered.

A federal prisoner must exhaust all available administrative remedies before filing a federal habeas petition. Fazzini v. Ne. Ohio Corr. Ctr., 473 F.3d 229, 233 (6th Cir. 2006). Thus, "an inmate must exhaust his administrative remedies entirely before he files suit; he may not begin or complete the exhaustion after his petition has been filed." Epps v. Beard, No. 0:20-cv-44-HRW, 2022 WL 1462762, at *3 (E.D. Ky. May 9, 2022); see also Futch v. Mora, No. 6:13-1986-RBH-KFM, 2013 WL 5428696, *2 (D.S.C. Aug. 27, 2013) (recommending dismissal although petitioner alleged receipt of "a rejection of the appeal from the Central Office during the pendency of this action . . . because a petitioner is not permitted to exhaust administrative remedies while a petition is pending"); recommendation adopted, 2013 WL 5428706 (D.S.C. Sep. 26, 2013).

Petitioner's motion to alter or amend judgment is denied, because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court dismissed the petition for a writ of habeas corpus based on Petitioner's failure to fully exhaust his administrative remedies prior to filing his petition.  See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

It is hereby ordered that the "Motion Relative to the original 28 U.S.C. § 2241 petition in Case No. 22-13035 and the issues embodied therein and/or motion pursuant to Fed. R. Civ. P. 59(e) Reconsideration" (Dkt. 9) is denied.

SO ORDERED.

Dated: February 29, 2024  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge